**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

EDDIE E. BRILEY, JR.                                                                          PLAINTIFF
ADC #116921

V.                                              NO: 5:10CV00198 DPM/HDY

TYRA TYLER *et al.*                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P.
Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections
should be specific and should include the factual or legal basis for the objection.  If the objection
is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.   Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District
         Judge  (if such  a  hearing is granted)  was not  offered at  the
         hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:
Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction ("ADC"), filed this complaint, pursuant to 42 U.S.C. § 1983, on July 8, 2010, alleging that he was the victim of excessive force when he was held at the W.C. "Dub" Brassell Detention Center.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on February 14, 2011, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id.* at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2

(1986).  Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1.      Plaintiff was serving a sentence and was held at the Dub Brassell Detention center on June 18, 2010, when the incident at issue in this lawsuit occurred.

2.      Defendants are Maj. Tyra Tyler, Capt. Ed Adams, and Deputies David Williams and Marvin Roberts, all of whom are employed at the detention center.

3.      According to Plaintiff, Williams and Roberts came into his cell and demanded that he give them his blanket and sheets so that they could be laundered.[1]  Plaintiff did not want to surrender the bedding, and expressed this feeling to the deputies.  One of the deputies then pulled at the bedding while Plaintiff was laying on it.  Plaintiff initially fell, then jumped to his feet.  At that point, Williams slammed Plaintiff to the floor, where he was placed in restraints, and taken away.

4.      Plaintiff is in essence alleging that he was subjected to excessive force during the incident.  To establish an Eighth Amendment violation for the excessive use of force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted.  *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

5.      Based on the standards set forth in *Hudson* and *Whitley*, Plaintiff has failed to introduce sufficient evidence to create a fact issue to be submitted to a jury.  Plaintiff's own

---

[1]All Defendants, and a number of other detention center personnel, were present at the hearing.  Plaintiff requested, and was granted, permission to call them as witnesses.  Testimony elicited by Plaintiff indicates that Williams and Roberts were following an order to collect the laundry as part of routine hygiene practices.

testimony reveals that Williams and Roberts entered his cell only to collect his bedding so that it could be laundered, and not with the intent of harming him.  Plaintiff further admitted that he disobeyed a direct order to give the deputies his bedding.  Even after Plaintiff's refusal, no force was used, and the deputies only grabbed and attempted to remove the bedding while Plaintiff was still on the bed.  It was only after Plaintiff stood up and expressed displeasure with the guards' actions that he was wrestled to the floor and placed in restraints.  He was then escorted to a holding cell until he "cooled off."  Plaintiff undoubtedly suffered some bumps and bruises during the incident.  However, Plaintiff testified that the nurse he saw following the incident prescribed only Tylenol, and told him he would be "all right."  Although Plaintiff testified that he currently sees a counselor, he conceded that he takes no medication as a result of any injury sustained in the incident.

Nothing about the facts Plaintiff alleged suggests any malicious intent on the part of the deputies attempting to collect the bedding.  Plaintiff's narrative of the manner in which he was restrained did not describe actions that differed from any other scenario where jail guards must restrain an uncooperative inmate.  Finally, Plaintiff has described no significant injury.  While Plaintiff need not allege a "significant injury" in order to state a claim of excessive force, evidence concerning the extent of the injury can be considered in determining whether the force was applied in good faith.  "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Hudson*, 503 U.S. at 7, (quoting *Whitley*, 475 U.S. at 321).  "The extent of injury may also provide some indication of the amount of force applied." *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010).  See also *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010)(although not a threshold requirement for proving excessive force, extent of injury is informative as to the likely degree of force applied).

Therefore, Plaintiff has failed to introduce sufficient evidence to create a fact issue to be submitted to a jury, and his complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   17   day of February, 2011.

_____

UNITED STATES MAGISTRATE JUDGE